CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 30 2011

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LARRY DARNELL COLEMAN, | ) | CASE NO. 7:11CV00561 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| DR. UZMA ALI, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Larry Darnell Coleman, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. He alleges that the defendant medical professionals failed to provide him with adequate medical treatment for a back injury sustained in a fall in April 2010 during his incarceration at the Western Virginia Regional Jail ("WVRJ") in Salem, Virginia, in violation of his constitutional rights. Upon review of the record, the court finds that the action must be summarily dismissed.

I

Coleman raised the same allegations and constitutional claims against Dr. Ali in a previous § 1983 action, which the court summarily dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. See Coleman v. Ali, Case No. 7:10CV00255, 2010 WL 2605283 (W.D. Va. June 25, 2010), aff'd, 397 Fed. App'x 909 (4th Cir. Oct. 12, 2010) (unpublished). Specifically, the court determined that Coleman alleged, at most, a disagreement with the course of treatment prescribed for his back injury by Dr. Ali, and failed to demonstrate that the doctor's conduct amounted to deliberate indifference, as required to state an actionable constitutional claim. See Farmer v. Brennan, 511 U.S. 825, 847 (1994); Estelle v. Gamble, 429 U.S. 97, 104 (1976).

In his current complaint, Coleman again sues Dr. Ali over the treatment offered for his back injury between April 11 and May 20, 2010. Relying on the same basic set of allegations as in the prior lawsuit, Coleman recharacterizes his claims here as asserting a medical negligence claim against Dr. Ali. He complains that Dr. Ali did not provide proper care, ignored other doctors' orders regarding treatment, and ignored "MRI findings." As a result of Dr. Ali's negligence, Coleman claims, he suffered permanent damage and required surgery.

In this action, Coleman also names as a defendant "CONMED," a company that allegedly employed Dr. Ali as a subcontractor to provide medical care to inmates at WVRJ. Coleman asserts that CONMED policies somehow influenced Dr. Ali's decisions regarding appropriate treatment for Coleman's injury.

II

Although Coleman has revised his statement of claims against Dr. Ali and names a new defendant here, his allegations as a whole do not offer any additional facts and do not otherwise alter the court's previous, detailed assessment that the events alleged do not state a constitutional claim against Dr. Ali. Accordingly, for the reasons stated in the June 25, 2010 memorandum opinion in Case No. 7:10CV00255, Coleman's § 1983 claims against Dr. Ali are summarily dismissed, pursuant to § 1915A(b)(1), for failure to state a claim.

Even assuming without finding that CONMED could be considered a "person" subject to suit under § 1983, Coleman's allegations fail to state any actionable claim against this defendant. Supervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates. See Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994). In order to establish supervisory liability under § 1983, however, a plaintiff must demonstrate:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Id. at 799 (citations omitted). Coleman offers no facts indicating that CONMED had actual or constructive knowledge that Dr. Ali was engaged in conduct that posed a "pervasive and unreasonable risk" of constitutional injury to Coleman. Moreover, inasmuch as the court has determined that Dr. Ali's conduct did not violate Coleman's constitutional rights, Coleman can state no derivative claim under § 1983 that CONMED, as Dr. Ali's supervisor, in any way violated Coleman's constitutional rights. Therefore, the court will summarily dismiss Coleman's § 1983 claim against CONMED, pursuant to § 1915A(b)(1), for failure to state a claim.

Coleman's claims that Dr. Ali's prescribed course of treatment for him constituted medical negligence is not sufficient to state an independent claim actionable under § 1983 against either of the defendants. Estelle, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). To the extent that Coleman's allegations might support some claim of medical negligence or malpractice under state law, the court declines to exercise supplemental jurisdiction over such claims, pursuant to 28 U.S.C. § 1367(c). Accordingly, all state law claims will be summarily dismissed without prejudice. An appropriate order will issue this day.

3

       The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

       ENTER: This 30th day of NOVEMBER, 2011.

                                            /s/ Signature
                                            Chief United States District Judge